HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RITA CAGLIOSTRO,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. 19-cv-00623-RAJ

ORDER

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Extension of Time. Dkt. # 12. For the reasons below, the Court **DENIES** the motion as moot and dismisses the action without prejudice.

## II. BACKGROUND

From what the Court can ascertain, Plaintiff brings this action against numerous judicial officers, employees with the Washington State Department of Social and Health Services (DSHS), and mediator Forrest R. Collins alleging their conduct resulted in the loss of custody of her child and related state benefits. Specifically, Plaintiff appears to contend that Oregon judicial officers and judges improperly used the law, including issuing fraudulent orders, to take Plaintiff's child away without proper procedure. Dkt. # 10 at 7, 8. Additionally, Plaintiff appears to allege that Collins played an improper role in child custody proceedings. *Id.* at 8. She further alleges that DSHS improperly denied her

ORDER – 1

benefits by requiring that she prove that her child physically resides with her. *Id.* at 7. Plaintiff seeks $5,200,000 for the various frauds, errors and mistakes made by Defendants. *Id.* at 10.

### III. DISCUSSION

Proceeding *in forma pauperis*, Plaintiff's complaint is subject to *sua sponte* review and must be dismissed if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). A complaint fails to state a claim if it "does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Accordingly, even as to *pro se* complaints, "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After stripping the Complaint of conclusory allegations, the Court finds there are no cognizable claims against Defendants. For example, Plaintiff claims that DSHS has improperly denied her benefits, but the Complaint contains insufficient allegations to support Plaintiff's entitlement to such benefits. As for the allegations against various judicial officers, Plaintiff fails to articulate a legal basis for her claims. "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v.*

ORDER – 2

*Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). A like immunity extends to other government officers whose duties are related to the judicial process. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity unless acts were done in the clear absence of all jurisdiction); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (duties of clerks, bailiffs, and court reporters all relate to the judicial process). Therefore, allegations where judicial officers are carrying out duties related to the judicial process, such as interpreting the law and issuing orders, fall within the purview of judicial or quasi-judicial immunity. *Id.* Finally, the conclusory allegations that Forrest Collins engaged in a "self-enrichment scheme" are insufficient to state a cause of action.

For the reasons stated above, the Court **DISMISSES** Plaintiffs' complaint without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiffs' complaint without prejudice. The Court **DENIES** all pending motions as moot. Dkt. ## 12, 15, 17, 18.

DATED this 24th day of June, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3